IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **OLUMUYIWA AYODEJI ADELEKE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00534-O-BP |
| | § | |
| **DFW AIRPORT BOARD,** | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by a person who claims that Defendant discriminated against him in not offering him a job. *See* Complaint, ECF No. 3 at 1-2. The Complaint reflects that on or about May 30, 2018, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and Equal Employment Opportunity Commission, alleging that Defendant retaliated against him in violation of Section 503(a) of the Americans with Disabilities Act of 1990 because he previously filed an employment discrimination charge against Defendant and took legal action on that charge. *Id.*

On April 28 and May 26, 2020, the Clerk of Court mailed to the Plaintiff the Instructions to a Non-Prisoner *Pro Se* Plaintiff. *See* ECF Nos. 2, 10. Over the next several months, Plaintiff filed pleadings and received orders of the Court. On June 10, 2020, Plaintiff filed a Notice of Change of Address, requesting that mail be sent to him at 2507 Brook hollow Lane, Arlington, Texas 76006. ECF No. 13. On January 21, 2021, the Court entered its Questionnaire to Plaintiff to gather further information that would be helpful to the Court in adjudicating the case. ECF No. 14. The Clerk of Court docketed a Notice of Delivery on that same day, indicating mailing of the Questionnaire to Plaintiff's address on record.

On February 1, 2021, the envelope containing the Questionnaire that was mailed to Plaintiff at his address on record as 2507 Brook Hollow Lane, Arlington, TX 76006, was returned to the Clerk as undeliverable. *See* ECF No. 15. Written on the envelope were the letters "NSN." *Id. at 1*. The United States Postal Service label affixed to the envelope contained the words "RETURN TO SENDER . . . NO SUCH NUMBER . . . UNABLE TO FORWARD." *Id.*

Plaintiff has not updated his address with the Court since the Notice of Change of Address he filed on June 10, 2020. ECF No. 13. The Instructions to a Non-Prisoner *Pro Se* Plaintiff sheets that were mailed to Plaintiff at the commencement of this case on April 28 and May 6, 2020, provide: "2. **Address Change** – You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." *See* ECF Nos. 2, 10. Plaintiff apparently understood the requirement for notifying the Court of changes to his address since he filed a notification of such change. *See* ECF No. 13. However, he has not updated his address from the one reflected in that change, and the Clerk is not aware of his current mailing address.

Plaintiff has failed to keep the Court apprised of his current address in direct conflict with the instructions he received, which specifically warned him that failure to notify the Court if his address change may result in dismissal of his case. Because Plaintiff failed to do so, it appears that he no longer wishes to pursue his claims in this case. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor dismiss this action without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b). Such dismissal should be without prejudice to the Plaintiff's right to reopen the case by providing an updated address within thirty days of the date of the Court's order of dismissal.

A copy of these findings, conclusions, and recommendation shall be served on all parties

2

in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on February 16, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE